

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHALED NAWAYA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70664 <br><br> Agency No. A079-642-440 <br><br> MEMORANDUM[*] |
| KHALED NAWAYA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-71398 <br><br> Agency No. A079-642-440 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2011
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Khaled Nawaya, a native of Saudi Arabia and citizen of Syria, petitions for review of two orders issued by the Board of Immigration Appeals ("BIA"). In the first, the BIA adopted and affirmed a decision by an Immigration Judge ("IJ") finding Nawaya removable under 8 U.S.C. § 1227(a)(1)(B) for failure to maintain his F-1 nonimmigrant student status and denying equitable estoppel. In the second, the BIA denied Nawaya's motion to reconsider its first order, and held that it lacked authority to apply equitable estoppel against the Department of Homeland Security.

This court "review[s] the agency's legal determinations de novo, and factual findings for substantial evidence." *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).

Petitioner's status was terminated because he failed to pursue a full course of study. The principal issue litigated before the IJ and the BIA was equitable estoppel due to the alleged authorization by petitioner's Designated School Official of a lighter course load than the one required by the regulations. 8 C.F.R. § 214.2(f)(6)(iii). Equitable estoppel does not apply in this case.

One of the requirements for the application of equitable estoppel is that the party claiming estoppel "must be ignorant of the true facts." *Morgan v. Gonzales*,

2

495 F.3d 1084, 1092 (9th Cir. 2007).  The Supreme Court explained in *Heckler v. Cmty. Health Serv.*, that "[i]f at the time when he acted, such party had knowledge of the truth, or had the means by which with reasonable diligence he could acquire the knowledge so that it would be negligence on his part to remain ignorant by not using those means, he cannot claim to have been misled by relying upon the representation or concealment."  467 U.S. 51, 59 n.10 (1984).  The applicable regulations clearly spell out the three limited situations in which a lighter course load is permitted:  academic difficulties, medical conditions, and on the final term if fewer courses are required to complete the course of study.  8 C.F.R. § 214.2(f)(6)(iii).  Petitioner does not contend that any of these reasons apply to his case.

**PETITION DENIED**.